

RICHARDS
LAYTON &
FINGER

Attorneys at Law

Frederick L. Cottrell, III
Director
302-651-7509
cottrell@rlf.com

December 10, 2013

**VIA CM/ECF AND HAND DELIVERY**    REDACTED
                                    PUBLIC VERSION

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street, Unit 18
Wilmington, DE 19801-3570

Re: *S3 Graphics Co Ltd. v. ATI Technologies ULC et. al,*
C.A. No. 11-1298-LPS

Dear Judge Stark:

This letter is written on behalf of Defendants ATI Technologies ULC, ATI International SrL, and Advanced Micro Devices, Inc. (together, "AMD") in anticipation of the discovery teleconference on December 17 at 2:45 p.m.

This case is a dispute over ownership of the Patents-in-Suit. By an Asset Purchase Agreement and other related documents (collectively, "APA"), AMD acquired the "FireGL Business" from SONICblue.[1] REDACTED

S3G has contended in other proceedings that products such as FireGL which are capable of processing images in the S3TC/DTX format practice the Patents-in-Suit.

In discovery in this action, AMD has requested that S3G produce (1) documents from a related ITC action where S3G accused certain products (including Apple products containing an AMD Graphics Processing Unit ("GPU")) of infringing the Patents-in-Suit;[2] (2) the basis for and evidence supporting S3G's claims (including its ITC allegations) that any product which processes images in S3TC/DXT format infringe the Patents-in-Suit;[3] and (3) any patent analyses of products (including in the ITC proceeding) that are capable of processing images in

---

[1] The APA was attached as Ex. 9 to AMD's Motion to Dismiss, D.I.13, filed under seal.
[2] S3G's Objections and Responses to AMD's First Set of Requests for Production, Tab 1, Requests 42-48; to AMD's Second Set of Requests For Production, Tab 2, Requests 75 and 76. Only the first page and relevant pages of any documents are attached.
[3] S3G's Objections and Responses to AMD's First Set of Interrogatories, Tab 3, Interrogatories ("IROGs") 4, 5; to AMD's Third Set of Interrogatories, Tab 4, IROG 14.

RLF1 9654988v.3   One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

The Honorable Leonard P. Stark
December 10, 2013
Page 2

S3TC/DXT format with respect to the Patents-in-Suit.[4] Despite months having passed and a meet and confer on these issues, S3G has continued to refuse to produce these documents and information, and has refused to produce a 30(b)(6) witness on these issues.[5]

REDACTED

In addition to these types of documents, S3G's own witness testified on patent ownership issues in the ITC Proceeding. Despite having specifically offered testimony on the issue of patent ownership during the ITC proceeding (which the ITC relied upon in its decision) S3G has not produced this testimony to AMD.

AMD was not a party to the ITC Action, and cannot obtain documents produced in and information provided in that proceeding because they were designated as confidential in the ITC Action. S3G has refused to produce these documents and information or produce a witness to testify to the information that shows S3G's representations regarding the scope of the very Patents-in-Suit in this case.[7]

S3G has based its refusal to produce on two assertions. First, S3G has claimed that this information does not exist. Yet, S3G made representations on these subjects to the ITC.[8]
REDACTED

In addition, the ALJ's initial determination specifically cites to evidence S3G presented to show that products implementing S3TC/DXT format infringe the Patents-in-Suit.

---

[4] Tab 2, Requests 73, 74; Tab 3, IROGs 10, 11; S3G's Objections and Responses to AMD's Second Set of Interrogatories, Tab 5, IROG 13.
[5] *See* Tab 1, Responses 42-48; Tab 3, Responses 4, 5, 10, 11; Tab 2, Responses 73, 74, 76; Tab 5, Response 13; Tab 4, Response 14; S3G's Objections and Responses to AMD's Rule 30(b)(6) Notice of Deposition, Tab 6, Reponses 4-9.
[6] S3G Motion for Sanctions Against Apple in ITC Proceeding, Tab 7, at p. 31 n. 17.
[7] Tab 1, at Responses 42-48; Tab 6, Responses 4-9.
[8] REDACTED

The Honorable Leonard P. Stark
December 10, 2013
Page 3

Second, S3G has refused to produce because the documents sought contain Apple's confidential information under an ITC Protective Order. Yet, the agreed Protective Order in this case (D.I. 59) specifically states (Paragraph 21) that where there are obligations of confidentiality to a third party, those obligations shall not preclude the information from being produced as long as the producing party provides appropriate notice to the third party; S3G has advised it already notified Apple.

REDACTED

Another interrogatory requests an explanation of S3G's repeated claim that the Patents-in-Suit "contain Necessary Patent Claims" pertaining to six standards.[10] S3G has refused to answer.[11] AMD believes an explanation of these S3G claims will show that according to S3G, FireGL products practice the Patents-in-Suit because these products implement the S3TC/DXT format standard. Indeed, during reexamination proceedings, S3G's CEO declared under penalty of perjury that any processing of S3TC/DXT format practiced two of the Patents-in-Suit.

Finally, while S3G claims it purchased the Patents-in-Suit from SONICblue through an agreement in 2001, it nevertheless asked for an assignment of these same patents in SONICblue's bankruptcy in 2007. AMD has asked for documents related to these bankruptcy claims because it could not get them through the court; they were filed under seal.[12] S3G has refused to produce, saying it is not in "possession" of these documents.[13] AMD pointed out that S3G's attorneys either had the documents or were able to get them from the bankruptcy court and therefore S3G had "control" over the documents. S3G said it would consult with its counsel but, despite repeated AMD requests, S3G has produced only one of many relevant bankruptcy documents.

Attached as Tab 9 is a proposed order laying out the specifics of the responses to discovery that S3G should be ordered to perform.

---

[9] REDACTED
[10] Tab 4, IROG 14; Exhibit 1 to AMD's Third Set of Interrogatories to S3G, Tab 8.
[11] Tab 4, Response to IROG 14.
[12] Tab 1, Requests 28, 66 and 67.
[13] Tab 1, Responses 28, 66 and 67.

The Honorable Leonard P. Stark
December 10, 2013
Page 4

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

FLC,III/afg
cc:   All Counsel of Record (via CM/ECF and electronic mail)

# TABS 1-8 REDACTED IN THEIR ENTIRETY

# TAB NO. 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S3 GRAPHICS CO., LTD<br><br>    Plaintiff,<br><br>v.<br><br>ATI TECHNOLOGIES ULC,<br>ATI INTERNATIONAL SRL, and<br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 11-1298-LPS |
| ATI TECHNOLOGIES ULC,<br>ATI INTERNATIONAL SRL, and<br>ADVANCED MICRO DEVICES, INC.,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>S3 GRAPHICS CO., LTD. And<br>S3 GRAPHICS, INC.,<br><br>    Counterclaim-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER ON AMD'S MOTION TO COMPEL

At Wilmington this ___ day of _____, 2013, the Court having considered Defendant's, ATI Technologies ULC, ATI International SrL, and Advanced Micro Devices, Inc. (together, "AMD"), letter brief on its motion to compel and Plaintiff's, S3Graphics Co., Ltd. and S3 Graphics, Inc. (together "S3G"), response thereto, and oral argument held December 17, 2013;

IT IS HEREBY ORDERED that AMD's Motion to Compel (D.I. ___) is GRANTED.

FURTHER ORDERED that S3G perform the following actions:

(1) To perform a reasonable search for documents and information and produce all documents responsive to Requests 42-48, 52, and 76 including but not limited to the following documents from U.S. International Trade

Commission proceeding 337-TA-724, *In the Matter of Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software,* identified by ITC Electronic Document Identification System ("EDIS") docket nos. 447636, 449074, 447474, 443582, 445971, 445972, 448203, 448204, 449074, 449076, 449060, 449835, 449836, and 453690, exhibit numbers JX-53C, JX-58C, CX-512C, and S3G complaint exhibits 19C-27C, 32C, 32C(A), 33C(A)-(M), and 34C, and to produce all non-privileged documents that evidence belief with respect to any and all products that implement S3TC/DXT format that S3G has alleged or determined to have practiced one or more claims of any of the Patents-in-Suit; and

(2) To fully respond to AMD's interrogatories 4, 5, 10, 11, 13, and 14 with respect to any and all products that implement S3TC/DXT format that S3G has alleged or determined to have practiced one or more claims of any of the Patents-in-Suit, including in particular by identifying all such products as specifically as possible, by name and model or part number if known, and identifying by production number all documents and materials that relate to any such products and/or S3G's allegations or determination; and

(3) To perform a reasonable search for documents and information and produce all documents responsive to Requests 73, 74, and 75 including but not limited to the "available evidence" S3G contended in the ITC proceeding that proved Apple products containing AMD GPUs infringe and testimony in the ITC proceeding regarding patent ownership; and

(4) To perform a reasonable search for documents and information related to the SONICblue bankruptcy action filed in the United States Bankruptcy Court for the Northern District of California, San Jose Division, captioned *In Re SONICblue Incorporated, a Delaware corporation, Diamond Multimedia Systems, Inc., a Delaware corporation, ReplayTV, Inc., a Delaware corporation, and Sensory Science Corporation, a Delaware corporation,* Case Nos. 03-51775 through 51778 MJS and produce all documents responsive to Requests 28, 66, and 67, including but not limited to the Assumption Motion, its attachments, and responses, replies, or other documents that refer or relate to the Assumption Motion, and documents filed in the bankruptcy proceeding as docket numbers 1952, 1953, and 1954, all attachments to the 2006 Settlement Agreement, identified by Docket ID # 12-10, and documents that refer or relate to these documents; and

(5) To produce a S3G corporate witness to testify to deposition topics 4-9 of AMD's Rule 30(b)(6) Notices of Deposition to S3G.

DATED: _____, 2013

                                                                                UNITED STATES DISTRICT JUDGE