## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

S3 GRAPHICS CO., LTD.,                   :
                                         :
              Plaintiff,                 :
                                         :
       v.                                :         C.A. No. 11-1298-LPS
                                         :
ATI TECHNOLOGIES ULC et al.,             :
                                         :
              Defendants.                :
_____ :

### MEMORANDUM ORDER

This case generally concerns whether certain patents (the "Disputed Patents") were part of a business transaction years ago and the parties' dispute as to which of them now owns the patents. Three motions are pending before the Court. For the reasons stated below, the Court will: (i) DENY the Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (the "ATI Motion to Dismiss") (D.I. 10), filed by defendants Advanced Micro Devices, Inc. ("AMD"), ATI Technologies ULC, and ATI International SRL (collectively "ATI") (collectively, "AMD/ATI" or "Defendants"), with respect to Counts II-IV of plaintiff S3 Graphics Co., Ltd.'s ("S3G" or "S3G Ltd.") Complaint (D.I. 1); (ii) GRANT Counterclaim-Defendants' Motion to Dismiss All Counterclaims Against S3 Graphics, Inc. ("S3G Inc. Motion to Dismiss") (D.I. 55), filed by S3 Graphics, Inc. ("S3G Inc."); and (iii) GRANT Defendants' Motion to Amend Scheduling Order ("Motion to Amend") (D.I. 128).

### BACKGROUND

On December 28, 2011, Plaintiff S3 Graphics, Co., Ltd. filed suit against Defendants,

seeking a declaratory judgment that S3G Ltd. is the owner of certain patents, and that none of the Defendants either owns or is licensed under any of the patents. (D.I. 1 Count I) S3G Ltd.'s Complaint also asserts state law tort claims: slander of title (Count II), conversion (Count III), and unfair competition (Count IV).

On August 24, 2012, Defendants filed an Answer to S3G Ltd's declaratory judgment claim (Count I) and moved to dismiss the state law tort claims (Counts II-IV). (D.I. 10, 14) At the same time, Defendants asserted counterclaims against S3G Ltd. and also against non-Plaintiff S3G Inc., which is Plaintiff S3G Ltd.'s wholly-owned subsidiary and a licensee to the patents at issue. (D.I. 14 at ¶¶ 93, 143-47; *see also* D.I. 26 at ¶ 93 (admitting that S3G Inc. is wholly-owned subsidiary of S3G Ltd.); D.I. 47 at ¶ 93 (same)) In their Counterclaim, Defendants seek a declaratory judgment that the rights in the Disputed Patents were transferred to ATI, that these rights include ownership of the patents, and that S3G Inc. and S3G Ltd. do not have rights in the patents. (*See* D.I. 14 at ¶ 146)

On October 9, 2012, S3G Ltd. and S3G Inc. answered the Counterclaim (D.I. 26); they later amended their answer on April 5, 2013 (D.I. 47). On June 14, 2013, S3G Inc. filed its motion to dismiss the Counterclaim as against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (D.I. 55)

On December 17, 2013, the Court conducted a discovery teleconference, and ordered S3G to comply with certain discovery requests served by Defendants, after submission of an order implementing the Court's ruling. (*See* D.I. 121 at 26-31) During the call, Defendants indicated that the parties had agreed to extend the deadline for completion of fact discovery from the end of January, 2014, but had not yet discussed by how long to extend discovery. (*See id.* at

2

29)

Following extensions of the deadline for submission of an order (*see* D.I. 122, 126), on

January 14, 2014 the parties submitted a proposed order relating to Defendants' motion to

compel (D.I. 127), which the Court entered on January 16. In the meantime, on January 15,

Defendants moved to amend the schedule, including to extend the fact discovery deadline by four

months. (D.I. 128) S3G is agreeable only to a two-month extension. (D.I. 130 at 1)

## DISCUSSION

## I.    ATI Motion to Dismiss

Defendants ask the Court to dismiss S3G Ltd.'s state law tort claims for slander of title,

conversion, and unfair competition for failure to state a claim under Rule 12(b)(6). (D.I. 10)

Defendants contend such relief is required because each of these claims is pre-empted under

federal patent law and barred under the *Noerr-Pennington* doctrine.

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts

conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's

well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11. This first

step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio

v. Aetna, Inc.,* 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as

true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)

(internal quotation marks omitted), "unsupported conclusions and unwarranted inferences,"

*Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.

1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir.

3

1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court concludes that S3G Ltd.'s state law tort claims are not pre-empted. No conflicts exist between federal patent law and anything contained in S3G's state law claims. S3G does not seek imposition of liability upon AMD/ATI for improperly publicizing patents they own, but instead alleges that these Defendants have falsely and in bad faith "laid claim to patents they do not own, or hold any other interest in." (D.I. 27 at 1, 3) "[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith." *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1336 (Fed. Cir. 1998), *overruled on other grounds, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc). S3G Ltd.'s state tort claims are predicated on allegations that Defendants are acting in bad faith in their efforts to obtain and/or publicize their rights in the asserted patents. *(See, e.g.,* D.I. 27 at 1) ("S3G's Complaint does allege bad faith, both in general terms (Complaint, ¶¶ 36, 57, 58) and by setting out the specifics

4

of the parties' respective ownership claims (*id.*, ¶¶ 14-45).") It follows that these state claims are

not pre-empted.

Nor are S3G Ltd.'s state law tort claims barred by the *Noerr–Pennington* doctrine. Under

the *Noerr–Pennington* doctrine, a patent owner which asserts its rights through a patent

infringement action is generally immune from antitrust liability. *See Eastern R.R. Presidents

Conference v. Noerr Motor Freight*, 365 U.S. 127 (1961); *United Mine Workers of Am. v.

Pennington*, 381 U.S. 657 (1965). "Although originally developed in the antitrust context, courts

have applied this doctrine universally to business torts." *IGT v. Bally Gaming Int'l. Inc.*, 2010

WL 1727388, at *2 (D. Del. Apr. 28, 2010) (citing *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168

F.3d 119, 128–29 (3d Cir. 1999)). Hence, in an appropriate case, *Noerr-Pennington* might

immunize Defendants, as patent owners, from state law liability arising from Defendants'

assertion of its patent rights in litigation.

However, the Supreme Court has recognized two exceptions to *Noerr–Pennington*

immunity: (i) an exception for "sham litigation;" and (ii) an exception for "knowing and willful

fraud" in the procurement of a patent. *See Eastern*, 365 U.S. at 144; *Walker Process Equip., Inc.

v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965). The second of these exceptions to *Noerr-

Pennington* immunity, known as "*Walker Process* fraud," applies where there is: "(1) a

representation of a material fact, (2) the falsity of that representation, (3) the intent to deceive or,

at least, a state of mind so reckless as to the consequences that it is held to be the equivalent of

intent (scienter), (4) a justifiable reliance upon the misrepresentation by the party deceived which

induces him to act thereon, and (5) injury to the party deceived as a result of his reliance on the

misrepresentation." *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1069-70 (Fed.

5

Cir. 1998). Here, S3G Ltd. adequately alleges each of the elements of the *Walker Process* fraud

to application of *Noerr-Pennington* immunity, making Defendant's reliance on that immunity

unavailing as a basis for dismissing S3G Ltd.'s state law tort claims. Even assuming all of the

statements made by Defendants, on which S3G Ltd. predicates its claims, are "judicial" or

"petitioning" statements within the scope of the protections ordinarily afforded by the *Noerr-*

*Pennington* doctrine, the Court agrees with S3G Ltd. that resolution of these issues, in this case,

is not proper before discovery. (*See* D.I. 27 at 1-2, 6-8)

Finally, Defendants challenge the adequacy of S3G Ltd.'s pleading of conversion (Count

III), but the Court concludes the allegations are sufficient to state a claim under California law.

As S3G Ltd. explains:

> S3G's Complaint alleges that S3G owns the S3G [i.e., Disputed]
> Patents (Complaint, ¶¶ 14-30), that AMD/ATI "substantially
> interfered with S3G's property rights" (*id.*, ¶ 65), that AMD/ATI
> unlawfully claim[ed] and assert[ed] ATI's title to the patents" (*id.*),
> that AMD/ATI's actions "evinc[ed] an intent to exercise ownership
> over [the Disputed Patents]" (*id.*), and also that S3G thereby
> "suffered pecuniary loss and other damages" (*id.*, ¶ 66).
> Accordingly, at the very least, S3G has alleged "an intention on
> [AMD/ATI's] part to convert [S3G's] property" ([*Karls v. Mellon
> Capital Mgmt. Corp.*, 2010 WL 5115272, at *8 (Cal. Ct. App. Dec.
> 15, 2010)]) and also that AMD/ATI have taken actions that
> constitute "an act of dominion" inconsistent with S3G's rights over
> its patents ([*McGowan v. Ferro*, 859 A.2d 1012, 1040 (Del. Ch.
> 2004)]).

(D.I. 27 at 19-20)

## II.    S3G Inc. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "*[w]henever* it appears by

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the

court shall dismiss the action." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n.3 (3d Cir. 1992) (emphasis added); *see also id.* ("[A] Rule 12(h)(3) motion . . . may be asserted at any time and need not be responsive to any pleading of the other party.").

By their Counterclaim, Defendants seek from this Court a declaratory judgment against S3G Inc. that S3G Inc. lacks any ownership interest in the Disputed Patents. S3G Inc. has not asserted any ownership interest in the patents and admits that it lacks any ownership interest in the patents. (*See* D.I. 1 at ¶ 57 (alleging that S3G Ltd., and not S3G Inc., is owner of Disputed Patents); D.I. 56 at 6 ("S3G Inc. . . . [has] never asserted ownership of the [Disputed] Patents and . . . never filed suit against ATI/AMD either in the earlier ITC proceedings or in the present dispute."); D.I. 69 at 1 ("S3G Inc. has *no ownership* interest in the [Disputed] Patents.") There is, then, no "actual controversy" between Defendants and S3G Inc., *see* 28 U.S.C. § 2201(a), as "the facts alleged, under all circumstances," *do not* "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted).

### III.   Defendants' Motion to Amend

The Court will exercise its discretion to extend the deadline for completion of fact discovery, and all subsequent deadlines, by approximately four months, as requested by Defendants in their Motion to Amend. The only dispute is whether the extensions should instead be limited to approximately two months, as requested by S3G. The Court believes that four months is more appropriate.

As of the filing of Defendants' Motion to Amend, S3G had not produced all of the

documents ordered by the Court to be produced following the discovery teleconference, nor had depositions been completed. Additionally, as Defendants argue, the process for obtaining third-party approval to allow S3G to make a final and full production of responsive documents to Defendants will likely take a significant amount of time. (D.I. 128 at 5-6) S3G represented in answering Defendants' motion that it intended to complete its responses to the Court-ordered production by the first week of February. (D.I. 130 at 2) Even assuming S3G met this goal, it is reasonable, in the context of this case, to provide the parties the additional time sought by Defendants to complete fact discovery, moving the deadline to May 31, 2014. Accordingly, the Court will grant Defendants' motion to amend and will sign the amended scheduling order proposed by Defendants. (*See* D.I. 128-3)

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion to Dismiss S3G Ltd.'s state law tort claims for failure to state a claim (D.I. 10) is DENIED.

2.    S3G Inc.'s Motion to Dismiss Defendants' counterclaims due to lack of subject matter jurisdiction (D.I. 55) is GRANTED.

3.    Defendants' Motion to Amend the Scheduling Order (D.I. 128) is GRANTED.

February 11, 2014
Wilmington, Delaware                    UNITED STATES DISTRICT JUDGE