IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

S3 GRAPHICS CO., LTD., :
:
Plaintiff, :
:
v. : C.A. No. 11-1298-LPS
:
ATI TECHNOLOGIES ULC, ATI :
INTERNATIONAL SRL, and ADVANCED :
MICRO DEVICES, INC., :
:
Defendants. :

## MEMORANDUM ORDER

At Wilmington this **11th** day of **December, 2015**:

Pending before the Court are S3G Graphics Co., Ltd.'s ("S3G" or "Plaintiff") Motion for Partial Judgment on the Pleadings for Lack of Subject Matter Jurisdiction Over AMD/ATI's Implied License Claim ("Plaintiff's SMJ Motion") (D.I. 331); ATI Technologies ULC, ATI International SRL, and Advanced Micro Devices, Inc.'s ("ATI/AMD" or "Defendants") Cross Motion for Partial Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction Over the Parties' Implied License Claims ("Defendants' Cross Motion") (D.I. 338); S3G's Motion for Reargument and to Supplement Record on Implied License ("Plaintiff's Reargument Motion") (D.I. 340); and S3G's Letter Motion to Inspect AMD/ATI's Withheld Documents *in Camera* in View of the Crime-Fraud Exception ("Plaintiff's Motion to Inspect") (D.I. 367). Having reviewed the parties' submissions (D.I. 332, 338, 340, 352, 354, 355, 356, 367, 369),

**IT IS HEREBY ORDERED** that: (1) Plaintiffs' SMJ Motion (D.I. 331) is **DENIED**; (2) Defendants' Cross Motion (D.I. 338) is **GRANTED**; (3) Plaintiff's Reargument Motion (D.I. 340) is **DENIED AS MOOT**; and (4) Plaintiff's Motion to Inspect (D.I. 367) is **DENIED AS**

1

MOOT.

**IT IS FURTHER ORDERED** that all parties' declaratory judgment claims and affirmative defenses relating to the existence of an implied license (hereinafter, "implied license claims") are **DISMISSED WITHOUT PREJUDICE** due to the Court's lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that S3G's request for injunctive relief with respect to the implied license claims is also **DISMISSED WITHOUT PREJUDICE** due to the Court's lack of subject matter jurisdiction.

1. Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." When evaluating a motion for judgment on the pleadings, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.*; *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). This is the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents that are integral to pleadings may be considered in connection with Rule 12(c) motion).

2.      The Court has an ongoing obligation to assess whether it has subject matter jurisdiction. *See generally Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 540 (1986). Subject matter jurisdiction over a declaratory judgment claim exists only if "the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

3.      Here, the Court lacks subject matter jurisdiction over the parties' implied license claims. An implied license is an affirmative defense to a claim of patent infringement, *see Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997); *AMP Inc. v. United States*, 389 F.2d 448, 452 (Cr. Cl. 1968), and the parties agree that this case does not involve any allegations of patent infringement (*see* D.I. 332 at 2-3; D.I. 286 at 40). Accordingly, there is no case or controversy, and the Court must dismiss the parties' implied license claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

4.      Because the dismissal of the implied license claims is for lack of subject matter jurisdiction, and not based on any adjudication of the merits, the dismissal is without prejudice.[1] *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.") (citing *Lewis v. United*

---

[1] The Court disagrees with S3G's contention that "[t]he public policy rationale behind the 'two dismissal rule' should apply here, and the Court should dismiss AMD/ATI's implied license claim *with prejudice*." (D.I. 352 at 3) (emphasis in original)

*States*, 70 F.3d 597, 603 (Fed. Cir. 1995)).[2]

5.  The Court reaches the same conclusion with respect to the implied license portion of S3G's claim for injunctive relief. S3G asks for an injunction "preventing the ATI/AMD Defendants from asserting that . . . ATI has any . . . license to[] any of the S3G Patents." (D.I. 1 at ¶ 76) Just as the Court lacks subject matter jurisdiction to determine whether ATI/AMD has an implied license to the particular patents, so, too, does the Court lack subject matter jurisdiction to provide S3G the remedy it requests relating to that claim. The remedy S3G seeks is only available if S3G prevails on the merits of its claim (i.e., that Defendants do not have an implied license), but this Court lacks jurisdiction to resolve the merits of that claim, and therefore also lacks jurisdiction to grant (or deny) the related relief. *See generally Luckett v. Delpark, Inc.*, 270 U.S. 496, 510-11 (1926) (request for injunctive relief cannot impart jurisdiction over claims for which federal court otherwise lacks subject matter jurisdiction); *Vink v. Schijf*, 39 F.3d 676, 678 (Fed. Cir. 1988) (same); *see also* D.I. 355 at 3 (Defendants arguing, "Determining the effect, if any, of the Court's ownership ruling on the parties' implied license claims necessarily addresses the merits of those claims, which is impermissible in the absence of

---

[2]S3G cites *Semiconductor Energy Lab. Co. v. Nagata*, 706 F.3d 1365, 1367 (Fed. Cir. 2013), in which the Federal Circuit affirmed a district court's dismissal **with prejudice** of declaratory judgment claims in the absence of infringement allegations. This case, unlike *Nagata* (which concerned an affirmative defense of assignor estoppel), involves an affirmative defense of implied license, which might potentially be raised in a future infringement case. Additionally, here there is no issue of futility of amendment, which appears to have motivated the district court's dismissal with prejudice in *Nagata*. *See Semiconductor Energy Lab. Co. v. Nagata*, 2012 WL 177557, at *8 n.6 (N.D. Cal. Jan. 23, 2012). Furthermore, the issue of dismissal with prejudice as opposed to without prejudice does not appear to have been raised on appeal (*see* D.I. 355, Ex. 3) or addressed by the Federal Circuit, *see Nagata*, 706 F.3d at 1365.

4

subject matter jurisdiction.").[3]

6. S3G's Reargument Motion asks the Court to reconsider its denial of summary judgment regarding the existence of an implied license. Because the Court has decided that it does not have subject matter jurisdiction over the parties' implied license claims, S3G's Reargument Motion is moot. (*See* D.I. 340 at 1 n.3) For the same reason, S3G's Motion to Inspect, which is only relevant to the establishment of a fraud defense to Defendants' implied license claim (*see* D.I. 333 at 43), is moot.

**IT IS FURTHER ORDERED** that:

A. The parties shall meet and confer and shall, **no later than December 14**, submit a joint status report, including their proposals for how this case should now proceed. The parties shall address, among any other issues they wish, their views on whether this Court should, pursuant to 28 U.S.C. § 1367(c), continue to exercise supplemental jurisdiction over any remaining aspects of this case, in light of the Court's recent orders.

B. This Order has been issued under seal, as several of the parties' filings to date have been filed under seal. The parties shall meet and confer and shall advise the Court in writing, no later than **December 14**, whether they request any redactions to this Order. The parties' filing may be under seal. Thereafter, the Court will issue a public version of this Order.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[3] The *merits* of S3G's claim for injunctive relief – including the implications of the Court's previous rulings on the availability of such relief – is not before the Court in any of the pending motions.